# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**CARLA ANN RUBINO,**

           **Plaintiff,**    )     **No.**

  **v.**

**RIDGEVIEW ACADEMY CHARTER
SCHOOL, INC., BOARD OF
DIRECTORS OF RIDGEVIEW
ACADEMY CHARTER SCHOOL,
ADELPHOI USA, BOARD OF
DIRECTORS OF ADELPHOI USA,**      **COMPLAINT**
**ROCHESTER COMMUNITY
NETWORK AUTHORITY,
ROCHESTER BOROUGH,
JEFF SIMMONS' CONSULTING
COMPANY,  JEFF SIMMONS,
GREG ANDERSON, ALICIA TOY,
MEGAN HERMAN –CHEVALIER,
CRYSTAL SAVAGE-KURTYKA,
ABBEY MILLER, TINA CORREA,
JULIE REIG, RENEE STEFANCIK,
GEORGE EICHER,**

           **Defendants.**    )

Filed on behalf of Plaintiff,
Carla Rubino

Counsel of Records for this Party:
LAW OFFICES OF LOIS GLANBY

Lois Glanby, Esquire
PA I.D. No. 80784
152 E. Highland Dr.
McMurray, PA 15317
 (724) 942-0524

**JURY TRIAL DEMANDED**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CARLA ANN RUBINO,

             Plaintiff,     )     No.

  v.

RIDGEVIEW ACADEMY CHARTER
SCHOOL, INC., BOARD OF
DIRECTORS OF RIDGEVIEW
ACADEMY CHARTER SCHOOL,
ADELPHOI USA, BOARD OF
DIRECTORS OF ADELPHOI USA,
ROCHESTER COMMUNITY
NETWORK AUTHORITY,
ROCHESTER BOROUGH,
JEFF SIMMONS' CONSULTING
COMPANY,  JEFF SIMMONS,
GREG ANDERSON, ALICIA TOY,       **JURY TRIAL DEMANDED**
MEGAN HERMAN –CHEVALIER,
CRYSTAL SAVAGE-KURTYKA,
ABBEY MILLER, TINA CORREA,
JULIE REIG, RENEE STEFANCIK,
GEORGE EICHER,

             Defendants.

## COMPLAINT

Plaintiff Carla Ann Rubino, by undersigned counsel, brings this Complaint seeking legal

and equitable relief for employment discrimination and harassment based on gender/sex and

retaliation for engaging in protected acts and related causes of action against Defendants

Ridgeview Academy Charter School, Inc.,  Board of Directors of Ridgeview Academy Charter

School, Adelphoi USA,  Board Of  Directors Of Adelphoi USA, Rochester Community Network

Authority,  Rochester Borough,  Jeff Simmons, teachers, counselors and van driver Greg

Anderson,  Alicia Toy, Megan Herman –Chevalier, Crystal Savage-Kurtyka,  Abbey Miller, Tina Correa, Julie Reig, and supervisors Renee Stefancik, George "Skip" Eicher.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, 1367(a), and 1391.  This action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§2000e *et seq.* (Title VII); the Civil Rights Act of 1871, 42 U.S.C. §1983; the Pennsylvania Human Relations Act, 43 Pa.C.S.A. § 951 *et seq.*; Defamation and related statutes.

2.      Plaintiff timely exhausted her administrative remedies by filing charges of discrimination with the U.S. Equal Employment Opportunity Commission.  Plaintiff has filed the instant suit within 90 days of receipt of the Right to Sue letters.

3.      The employment practices alleged to be unlawful were committed by the Defendants in and around Beaver County, Pennsylvania, where Plaintiff worked for Defendant Ridgeview Academy Charter School and Defendant Adelphoi as Education Supervisor, supervised by Defendant Ridgeview Academy Charter School Board of Directors and Defendant Adelphoi USA Board of Directors.  Therefore, the United States District Court for the Western District of Pennsylvania is the proper venue for the action under 28 U.S.C. §1391(b).

## PARTIES

4.      Plaintiff Carla Ann Rubino is a female individual who resides at 227 Shiloh Avenue, Pittsburgh, PA  15202.  At all times relevant hereto, Plaintiff was an employee or former employee in the position of Education Supervisor at Defendant Ridgeview Academy Charter School and in the position of Day treatment Supervisor at Defendant Adelphoi USA,

supervised by the Defendant Ridgeview Academy Charter School Board of Directors and
supervised by Defendant Adelphoi USA, Board of Directors, respectively.

5.      At all relevant times, Defendants Ridgeview Academy Charter School and
Defendant Ridgeview Academy Charter School Board of Directors were and still are a non-profit
treatment facility and alternative education school and a Board of Directors, respectively, which
are located at 350 Adams Street, Rochester, PA  15074 and 1119 Village Way, Latrobe, PA
15066.

6.      At all relevant times, Defendants Adelphoi USA, Inc. and Defendant Adelphoi
USA Board of Directors were and still are a non-profit treatment facility and alternative
education school and a Board of Directors, respectively, which are located at 1119 Village Way,
Latrobe, PA  15066.

7.      At all relevant times, Defendant Rochester Community Network Authority were
and still is a municipal authority dealing with adult education and law enforcement training
located at 350 Adams Street, Rochester, PA 15074.

8.      At all relevant times, Defendant Rochester Borough, was and still is a Municipal
subdivision of the Commonwealth of Pennsylvania that is located at 350 Adams Street,
Rochester, PA  15074.

9.      At all relevant times, Defendant Jeff Simmons' Consulting Company was and still
is a Municipal subdivision of the Commonwealth of Pennsylvania that is located at 350 Adams
Street, Rochester, PA  15074.

10.     At all relevant times, Defendant Jeff Simmons was on the Board of the
Community Network Authority as Treasurer and he owned his own consulting company located
at 350 Adams Street, Rochester, PA 15074.

4

Case 2:05-mc-02025-JFC   Document 2807-1   Filed 04/25/2007   Page 5 of 25

11.     At all relevant times, Defendant Greg Anderson, Alicia Toy, Megan Herman –
Chevalier, Julie Reig were and still are teachers at Defendant Ridgeview Academy Charter
School located at 350 Adams Street, Rochester, PA 15074.

12.     At all relevant times, Defendant Tina Correa was a van driver at Defendant
Adelphoi USA located at 350 Adams Street, Rochester, PA 15074.

13.     At all relevant times, Defendants Crystal Savage-Kurtyka and Abbey Miller were
and still are case workers/ counselors at Defendant Adelphoi USA located at 350 Adams Street,
Rochester, PA 15074.

14.     At all relevant times, Defendant Renee Stefancik was and still is an Associate
Director Defendant Ridgeview Academy Charter School located at 1119 Village Way, Latrobe,
PA 15066.

15.     At all relevant times, Defendants George Eicher was and still is an Associate
Director of Day Treatment at Defendant Adelphoi USA located at 1119 Village Way, Latrobe,
PA 15066.

16.     Plaintiff is in a protected class because of her sex/gender, female.

17.     At all relevant times, the Defendant Ridgeview Academy Charter School,
Defendant Ridgeview Academy Charter School Board of Directors, Defendant Adelphoi USA
and Defendant Adelphoi USA Board of Directors have been continuously doing business in the
Commonwealth of Pennsylvania and have employed at least fifteen (15) employees.

18.     Defendants are, and at all times material to this complaint, were covered entities
and were in an industry affecting commerce within the meaning of Section 701 of the Civil
Rights Act of 1964, 42 U.S.C. § 2000(e) as amended by the Civil Rights Act of 1991; and all
relevant statutes.

## STATEMENT OF CLAIMS

## I.  EMPLOYMENT DISCRIMINATION (Title VII) – DEFENDANT RIDGEVIEW ACADEMY CHARTER SCHOOL, DEFENDANT RIDGEVIEW ACADEMY CHARTER SCHOOL BOARD OF DIRECTORS, DEFENDANT ADELPHOI USA AND DEFENDANT ADELPHOI USA BOARD OF DIRECTORS

19.     Plaintiff filed timely charges of discrimination/harassment with the U.S. Equal Employment Opportunity Commission (EEOC) against Defendants.  The EEOC issued Plaintiff letters dismissing the cases and giving her Notice of Rights to Sue.  This suit was timely filed within 90 days of receipt of the letters.  All administrative conditions precedent has been met by the Plaintiff.

20.     Beginning on or about Nov. 11, 2005, and continuing to the September 8, 2006, the Defendants engaged in unlawful employment practices in and around Beaver County, Pennsylvania, in violation of Title VII of the Civil Rights Act of 1991, 42 U.S.C.2000 (e) *et seq.* These practices include but are not limited to the following:

a.     Plaintiff was subjected to a continuous and ongoing hostile work environment, disparate treatment, harassment, humiliation, and discrimination based on her sex/ gender which is female, as well as retaliation for complaining about the ongoing hostile work environment, disparate treatment and sexual harassment and discrimination.

b.     Defendants continuously discriminated against Plaintiff by subjecting her to sexual and gender discrimination, disparate treatment, harassment, hostile work environment and retaliation from Jeff Simmons, Board Member of the Community Network Authority and renovator and Consultant for the Community Network Authority. Greg Anderson,  Alicia Toy, Megan Herman –Chevalier, Crystal Savage-Kurtyka,  Abbey Miller, Tina Correa, Julie Reig and Supervisors Renee Stefancik, George Eicher,

6

    c.  Jeff Simmons, individually and as Defendant Community Network Board Member and Renovator and owner of Jeff Simmons' Computer Consultant, who was relentlessly hostile towards Plaintiff because she was the only woman in a Supervisory Position at the 350 Adams Street, Rochester PA location.   He continually degraded, insulted, intimidated, undermined and embarrassed her, threatened, assaulted, swore, name call and threw a box cutter at her, a screw driver at the door and screamed at her such words as "Bitch," He even put the words, "Carla is a Bitch,"  outside the building on a digital sign.  He would turn red and explode at Plaintiff, follow her to the bathroom, intrude in on her conversations at work, he stalked Plaintiff at work and he was a peeping Tom.

    d.  Defendant George Eicher, Associate Director of Day Treatment at Adelphoi USA would talk sexual, about women's private body parts, about sex talk at lunch, which was approximately six times a month; he questioned Abbey about her boyfriends and her sex life during a business lunch in front of Plaintiff, Crystal Savage-Kurtyka and other staff members.   Just as often, Plaintiff saw George at her office where he would chime in with sexual remarks about anything and he would make gender related jokes about women in general.   He accused Plaintiff of cursing and using foul language, i.e., the "f" word in front of students on a pretext to write Plaintiff up as a paper trail before her suspension and termination.

    e.  In addition to the constant intimidation and vicious attacks by Defendant Jeff Simons on Plaintiff, he also engaged in unwelcome sexual advances by, for example, talking uncomfortably close to Plaintiff, invading her personal space, and rubbing up against her while rubbing his penis against her back while teaching her to use the new phone system. Plaintiff called Greg Anderson, teacher, in to her office after the fact as she was so upset.  She told him what happened.  Plaintiff e-mailed and called Theresa Matson, Acting Director and

Dave Harvey to report sexual harassment.   Plaintiff was told to report incidences of sexual harassment to Dave Harvey.  Dave Harvey had Dirk Matson, COO of defendant Adolphoi USA, write a letter to Ed Piroli, Defendant Rochester Borough Manager.  Nothing was done to stop Jeff Simmons from sexually harassing Plaintiff.  Plaintiff went to Joe Glenn, a friend of Jeff Simmons, President of Defendant Community Network Authority.  He said he would take care of it and never did.

       f.     When Plaintiff first started, Defendant Adelphoi wanted her to unload a truck of 50 lb desks.  Plaintiff was told she either had to do it or she had to get someone else to do it.  Plaintiff complained to Pat Miller, purchasing agent, because she is a 4'11" woman and not strong enough to lift the desks.  Plaintiff had to get men in her family to help her which was a very degrading experience.  Adelphio should have provided someone to unload the truck because she was not strong enough.

       g.  Defendant George Eicher "Skip, Associate Director of Defendant Adelphoi: would raise his voice and bully Plaintiff at meetings between Plaintiff and himself.  He is 6'5".  He didn't care if Plaintiff had the time, was not feeling well and once made her bring in her niece when he wanted to meet with her when Plaintiff was caring for her niece during a family medical emergency. On August 31, 2006, Craig Anderson, teacher walked off work without an excuse or a good excuse.  Plaintiff told him he just can't walk out and leave without a reason.  Because he came in early that day he assumed he could leave early.  It was not OK as the facility was short staffed.  When Plaintiff objected he went over Plaintiff's head and talked to Defendant George "Skip" Eicher.   George approved his walking off.   Greg could do anything because there was male bonding between Greg, male, and George, male.  George treated Greg, male, better than Plaintiff, female.  George encouraged Greg to go over Plaintiff's head to him.

8

h.    During the remodeling phase of the facilities, there were dangerous practices that created a health and safety hazard for the children.  The children had to come to school where there were open sewer lines below ground, an odor of mold, second hand dirty carpet was laid instead of new tile as specified on the plans, tools laying around the children who were delinquent children and were drawn to the dangerous tools.   There were drills, hammers, box cutters left lying about the work site.  When Plaintiff complained she was treated as a nuisance by her employers and supervisors because she is a woman.  If Greg would have been in Plaintiff's position and complained, swift action would been taken.  Plaintiff went for help outside of her Employer.  She went to Dave Harvey, Agent for Defendant Beaver County, and Supervisor for Defendant Adelphoi USA.  Plaintiff complained to Ed Ciroli, Defendant Borough Manager and Joe Glen, President of the Community Network Authority.   They did nothing.

i.    Defendant Ridgeview and Defendant Adelphoi were working Plaintiff on two jobs but paying her less than the positions together should have paid.  Plaintiff loved her work however, Plaintiff was working 16 hours a day and being sexually harassed, harassed because of her gender and she was discriminated against because of her sex.  Plaintiff should have been paid $48,000 for Ridgeview and $35,000 for Adelphoi.   Instead, she was paid $48,000 for Ridgeview and $100 per day extra for her work at Adelphoi.  Upon her hire, Plaintiff was only to do one job.  She was pushed in to the second job on March of 2006.   Plaintiff believes this was in retaliation for her complaints that she was being sexually harassed by Jeff Simmons and she complained about how her superiors George Eicher and Renee Stefancik were handling it.  Plaintiff was fluffed off about everything including OSHA violations, safety and health issues, staffing issues and ongoing sexual harassment, discrimination and retaliation.

9

j.      Prior to her suspension and termination, Defendant Adelphoi and Defendant Ridgeview sexually harassed Plaintiff by promulgating false stories about her allegedly having a boyfriend and taking a company car to see the alleged boyfriend.   This was not true; there was no evidence, no name for the boyfriend.  No date, time or place was given of the alleged affair.  Defendant George "Skip" Eicher and Defendant Renee Stefancik had a meeting where these false accusations were the topic of discussion just Plaintiff's suspension/ termination.  Defendants encouraged such allegations instead of stopping the same.

k.      Plaintiff sent letters to the CEO and COO asking to have a meeting with the Defendants Board of Directors of Ridgeview and Adelphoi.  According to Plaintiff's contract she had to ask for a meeting in a written letter within 10 days of her termination.   Plaintiff fully complied.  Plaintiff received no answer to her letter.  Plaintiff wrote the letter on September 8, 2006.  The date of Plaintiff's termination was September 8, 2006.   Plaintiff did not receive a written Notice of her termination as required in her contract.  To the contrary, George "Skip" Eicher called her on the phone in a casual manner, very flippant and told her, she was terminated.            l.      Plaintiff was never counseled or written up.  Plaintiff received letters, e-mails and a card of praise from Theresa Matson, Associate Director, her direct supervisor, Larry Breieenstein, CEO, sent Plaintiff e-mails saying what a great job she was doing.  Dirk Matson, COO sent Plaintiff an e-mail saying what a great job she was doing.  Dr. Coetcee sent Plaintiff letters of praise.   Many of the children thanked Plaintiff for the good job she was doing.  One child and his parents thanked Plaintiff for facilitating a meeting between him and the police which gave him another chance instead of his going to jail.

m.      Defendant Greg Anderson initiated the meeting where Plaintiff was defamed.  George Eicher headed the meeting with him.  Defendant Renee Stefancik was there

along with the teaching staff, the counselors and the van driver all named as defendants in the instant complaint.  Plaintiff asked to be a part of the meeting so Plaintiff could defend herself. Plaintiff was told she was being investigated but what was said about her was a secret. Defendant Greg Anderson spearheaded this meeting.  He was given Plaintiff's job which he coveted since her hire, the same time he was hired. .  Greg Anderson does not have a teaching certificate even of at least an instructional 1 or 2.  He has a Bachelors degree.  Plaintiff had a master's plus the 18 credits needed for principal's certification which Plaintiff achieved in June of 2006.   Greg told Plaintiff when she passed the principals tests that he was not good at taking tests and he could never pass the instructional 1, teaching certificate tests.   He told Plaintiff all the time that he could do her job.  He told staff he was supposed to be hired to run the program. The first day Plaintiff met Greg he told her he was supposed to get her job.

n.      George made a point of spending time with Greg when he came to the facility.  George would spend time in Greg's classroom.  George did not spend time with the female teachers and he did not socialize with Plaintiff unless Chris and Abbey were there and then the talk would be sexual.

o.      Though Plaintiff complained many times to Defendant Employers, supervisors and/ or management, they refused to do anything about the unlawful treatment, and told Plaintiff that something was being done when nothing was being done.

p.      Defendants falsely accused Plaintiff of  yelling and swearing  at students based on hearsay from staff a meeting spearheaded by Greg Anderson, male,  and George Eicher, male.  Greg and George socialized and Greg let it be known that he should have had the job that Plaintiff, female, was hired for from the beginning instead of being supervised by Plaintiff, female.

11

q.      The retaliation, harassment and discrimination continues until  the present as Plaintiff saw one of the students who approached her in a public place and he told her he heard Crystal and Abbey and the rest of the staff  say that they got Plaintiff terminated.  He asked me if it was true that I got fired.   He told me they were still doing their same "crap" and "messing around."  He said when Plaintiff was there they weren't doing that "crap."

r.      Defendant Greg, the male teacher, was treated much better than Plaintiff. He could go to Defendant George Eicher any time he wanted, over Plaintiff's head, and George always supported him.  George would believe Greg over Plaintiff.

21.     Beginning on or about November 11, 2005, and continuing to the September 8, 2006,  Defendants herein harassed and discriminated against Plaintiff as part of an overall scheme of a continuous and ongoing pattern of unlawful harassment based upon sex/gender, retaliation, a hostile work environment and disparate treatment.  .

22.     As a direct and proximate result of the aforementioned conduct of the Defendants, Plaintiff has suffered and continues to suffer in the following ways, inter alia:

a.      Great mental anguish and emotional strain;

b.      Severe depression and anxiety;

c.      Loss of income and benefits;

d.      Deprivation of the ordinary pleasures of life;

e.      Severe pain and suffering caused by the almost daily exposure to hostile work environment during her employment with Defendants Ridgeview and Adelphio;

f.      Loss of weight, upset stomach and nervousness;

g.      Humiliation and embarrassment;

h.      Plaintiff's career has been curtailed and sabotaged.

12

23.     As a further result of the aforementioned unlawful conduct of the Defendants, Plaintiff's independence, stability and career were hampered and her reputation damaged.

24.     The actions of the Defendants, complained of herein, constitute discrimination and harassment based on sex/gender, retaliation, a hostile work environment, disparate treatment continuous in nature, in violation of Title VII as amended by the 1991 Civil Rights Act, 42 U.S.C. §2000e *et seq.*

25.     The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex/gender, and in retaliation for her opposition to sexual/ gender harassment and discrimination, hostile work environment and disparate treatment .

WHEREFORE, Plaintiff demands judgment against Defendants and damages as follows:

a.      That the Defendants be permanently enjoined from unlawful harassment and discrimination on the basis of sex/gender, or opposition to discrimination and harassment.

b.      That a declaratory judgment is made that such discrimination and harassment are unconstitutional.

c.      That Plaintiff be awarded actual and consequential damages to make Plaintiff whole including back pay with prejudgment interest, front pay and compensation for lost benefits, in an amount to be proven at trial, and other affirmative relief necessary to eradicate the effects of the unlawful employment practices, plus interest;

d.      That Plaintiff be awarded compensatory damages to compensate for pain, suffering, emotional distress and humiliation Plaintiff has suffered as a result of Defendants' outrageous conduct;

13

e.      That Plaintiff be awarded punitive and/or liquidated damages for Defendants'

intentional, malicious misconduct;

f.      That Plaintiff be awarded nominal damages;

g.      That Plaintiff be awarded the costs of this litigation, expert fees and reasonable

attorney's fees; and,

h.      That Plaintiff be awarded such further relief as this Court deems to be just and

proper.


## II.  FEDERAL CIVIL RIGHTS VIOLATIONS (42 U.S.C. §§1983, 1985 & 1986) — ALL DEFENDANTS

26.     Plaintiff incorporates by reference the allegations in paragraphs 1 through 25 as if

fully restated herein.

27.     Beginning November 11, 2005 and continuing to the September 8, 2006,

Defendants, as set forth above, intentionally created a hostile work environment and

intentionally harassed and discriminated against Plaintiff because of her sex/gender, and in

retaliation for her complaining about the unlawful treatment.

28.     The intentional harassment and discrimination by Defendants deprived Plaintiff,

under color of state law, of equal protection made applicable to the states through the 14th

Amendment in violation of 42 U.S.C. §§1983, 1985 and 1986.

29.     Policy-making officials of Ridgeview Academy Charter School, Inc.,  Board of

Directors of Ridgeview Academy Charter School, Adelphoi USA,  Board of Directors of

Adelphoi USA, Rochester Community Network Authority, Rochester Borough,    Jeff Simmons

Consulting Company, knew or should have known of the unlawful conduct of Defendants towards Plaintiff specifically and other protected individuals in general.

30.    Defendants' failure, even after Plaintiff lodged complaints, to take any action reasonably calculated to stop the blatant harassment, discrimination and retaliation amounts to reckless indifference to Plaintiff's right to equal protection as well as depriving her of her rights, privileges and immunities secured by the Constitution and under the law.

31.    Defendants' inaction communicated a message of approval that such unlawful conduct towards Plaintiff was permissible, and thus, Defendants adopted and maintained a practice, custom and policy of deliberate or reckless indifference to instances of known or reasonably suspected harassment, discrimination, and retaliation based upon sex/gender.

32.    These practices, customs and policies, in turn, created a climate at Ridgeview Academy Charter School, Inc., Board of Directors of Ridgeview Academy Charter School, Adelphoi USA, Board of Directors of Adelphoi USA, Rochester Community Network Authority, Rochester Borough, Jeff Simmons Consulting Company, Defendant Adelphoi USA and Ridgeview, public or private entities under the color of law, that facilitated harassment, discrimination, and retaliation based upon sex/gender towards Plaintiff specifically and other protected individuals in general.

33.    As a direct and proximate result of the above described practices, customs, and policies, Defendants repeatedly subjected Plaintiff to intentional harassment, discrimination and retaliation during the time of her employment and beyond that to the present.

34.    The acts or omissions of Defendants reflect a practice, custom and policy of official conduct under color of state law, both expressly and tacitly encouraging the harassment,

discrimination and retaliation of Plaintiff in violation of her right to equal protection of law and 42 U.S.C. §1983, 1985 and 1986.

35.    As a result of these acts and omissions, Defendants officially permitted and sanctioned the harassment and discrimination of Plaintiff because of her sex/gender.

36.    As a direct and proximate result of Defendants deliberate or reckless indifference to instances of known or reasonably suspected harassment, discrimination, and retaliation based upon gender, in violation of 42 U.S.C. §1983 and related statutes, Plaintiff has suffered and continues to suffer in the following ways, inter alia:

a.    Great mental anguish and emotional strain;

b.    Severe stress, depression and anxiety;

c.    Loss of income and benefits;

d.    Deprivation of the ordinary pleasures of life;

e.    Severe pain and suffering caused by the almost daily exposure to hostile work environment throughout her employment at Defendant School District.

f.    Loss of sleep, stress, and nervousness;

g.    Humiliation, embarrassment;

h.    Plaintiff requires ongoing medical care;

i.    Plaintiff's career has been curtailed and sabotaged.

37.    As a further result of the aforementioned unlawful conduct of the Defendants, Plaintiff's independence, stability and career were hampered and her reputation damaged.

WHEREFORE, Plaintiff demands judgment against Defendants for deprivation of her right to equal protection of the law, and damages jointly and severally as follows:

a.      That the Defendants be permanently enjoined from unlawful harassment and discrimination on the basis of sex/gender, or opposition to discrimination and harassment;

b.      That a declaratory judgment is made that such discrimination and harassment are unconstitutional;

c.      That Plaintiff be awarded actual and consequential damages to make Plaintiff whole including back pay with prejudgment interest, front pay (retirement funds) and compensation for lost benefits, in an amount to be proven at trial, and other affirmative relief necessary to eradicate the effects of the unlawful employment practices, plus interest;

d.      That Plaintiff be awarded compensatory damages to compensate for pain, suffering, emotional distress and humiliation Plaintiff has suffered as a result of Defendants' outrageous conduct;

e.      That Plaintiff be awarded punitive damages, where authorized by law, in an amount sufficient to punish Defendants and to deter similar misconduct;

f.      That Plaintiff be awarded nominal damages;

g.      That Plaintiff be awarded the costs of this litigation, and reasonable attorney's fees; and

h.      That Plaintiff be awarded such further relief as this Court deems to be just and proper.

## RELATED STATE CLAIMS

## III.  EMPLOYMENT DISCRIMINATION (PHRA) – ALL DEFENDANTS

38.     Plaintiff incorporates by reference the allegations in paragraphs 1 through 37 as if fully restated herein.

17

39.     Plaintiff filed timely charges of discrimination/harassment with the Equal Employment Opportunity Commission (EEOC) that were cross-filed with the Pennsylvania Human Relations Commission.  Plaintiff was issued letters notifying her of her Right to Sue within 90 days.  The instant action is filed within the 90-day limit.  The Plaintiff has met all administrative conditions precedent.

40.     Since Nov. 11, 2005, and continuing to the September 8, 2006,  the Defendants have engaged in unlawful employment practices in and around  Beaver County, Pennsylvania, in violation of the Pennsylvania Human Relations Act, 43 P.S. §§951 *et seq.*

41.     The Defendants discriminated against and harassed Plaintiff because of her gender/sex, and in retaliation for her objecting to the harassment and discrimination she endured.  She was treated less favorably than male employees and, male supervisors; she was harassed and discriminated against because of her sex/gender.

42.     Defendants subjected Plaintiff to a hostile work environment, disparate treatment and discrimination as outlined in paragraphs **11(a) through 11(o)** of this Complaint, and after she complained about the unlawful treatment, she was retaliated against, defamed, and terminated.

43.     The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities and otherwise to adversely affect her status as an employee because of her gender/sex, and in retaliation for her objecting to the hostile work environment, disparate treatment, harassment and discrimination.

WHEREFORE, Plaintiff demands judgment against Defendants and damages as follows:

a.     That the Defendants be permanently enjoined from harassment and discrimination on the basis of sex/gender or opposition to discrimination and harassment;

b.     That a declaratory judgment is made that such discrimination and harassment are unconstitutional.

c.     That Plaintiff be awarded actual and consequential damages to make Plaintiff whole including back pay with prejudgment interest, front pay and compensation for lost benefits, in an amount to be proven at trial, and other affirmative relief necessary to eradicate the effects of the unlawful employment practices, plus interest;

d.     That Plaintiff be awarded compensatory damages to compensate for pain, suffering, emotional distress and humiliation Plaintiff has suffered as a result of Defendants' outrageous conduct;

e.     That Plaintiff be awarded nominal damages;

f.     That Plaintiff be awarded the costs of this litigation, and reasonable attorney's fees; and

g.     That Plaintiff be awarded such further relief as this Court deems to be just and proper.

## IV.  AIDING AND ABETTING EMPLOYMENT DISCRIMINATION – DEFENDANT Renee Stefancik

44.     Plaintiff incorporates by reference the allegations in paragraphs 1 through 43 as if fully restated herein.

45.     At all relevant times, Defendant Renee Stefancik, was  and still is  an Associate Director of Defendant Ridgeview Academy Charter School, aided and abetted the discrimination, harassment and retaliation against Plaintiff by perpetuating a hostile work

19

environment toward Plaintiff in violation of the Pennsylvania Human Relations Act, 43 Pa. C. S. A. §955(e).

46.     As an Associate Director and as Plaintiff's superior, she perpetrated much of the unlawful harassment and discrimination as outlined in paragraphs 11(a) through 11(o) of this Complaint; she did nothing to stop the unlawful discrimination and harassment, even after Plaintiff complained and instead, she retaliated against Plaintiff by defaming her, suspending her and terminating her and her unlawful conduct continues to the present, despite Plaintiff's termination.

WHEREFORE, Plaintiff demands judgment against Defendant and damages as follows:

a.     That the Defendant be permanently enjoined from harassment, discrimination and retaliation on the basis of sex/gender or opposition to discrimination and harassment;

b.     That a declaratory judgment is made that such discrimination and harassment are unconstitutional.

c.     That Plaintiff be awarded actual and consequential damages to make Plaintiff whole including back pay with prejudgment interest, front pay and compensation for lost benefits, in an amount to be proven at trial, and other affirmative relief necessary to eradicate the effects of the unlawful employment practices, plus interest;

d.     That Plaintiff be awarded compensatory damages to compensate for pain, suffering, emotional distress and humiliation Plaintiff has suffered as a result of Defendant's outrageous conduct;

e.     That Plaintiff be awarded nominal damages;

     f.     That Plaintiff be awarded the costs of this litigation, and reasonable attorney's fees; and

     g.     That Plaintiff be awarded such further relief as this Court deems to be just and proper.

### IV.    AIDING AND ABETTING EMPLOYMENT DISCRIMINATION – DEFENDANT
### George Eicher

47.    Plaintiff incorporates by reference the allegations in paragraphs 1 through 46 as if fully restated herein.

48.    At all relevant times, Defendant George Eicher was and still is an Associate Director of Day Treatment at Defendant Adelphoi USA, aided and abetted the discrimination, harassment and retaliation against Plaintiff by perpetuating a hostile work environment toward Plaintiff in violation of the Pennsylvania Human Relations Act, 43 Pa. C. S. A. §955(e). George Eicher, Associate Director of Day Treatment at Defendant Adelphoi USA, and Plaintiff's superior, perpetrated much of the unlawful harassment and discrimination as outlined in paragraphs 11(a) through 11(o) of this Complaint; he was a perpetrator of much of the unlawful harassment, discrimination and retaliation for protected acts and he did nothing to stop the unlawful discrimination and harassment, even after Plaintiff complained and instead, he retaliated against Plaintiff by defaming her. His unlawful conduct continues to the present, despite Plaintiff's termination.

    WHEREFORE, Plaintiff demands judgment against Defendant and damages as follows:

     a.     That the Defendant be permanently enjoined from harassment and discrimination on the basis of sex/gender or opposition to discrimination and harassment;

b.      That a declaratory judgment is made that such discrimination and harassment are unconstitutional.

c.      That Plaintiff be awarded actual and consequential damages to make Plaintiff whole including back pay with prejudgment interest, front pay and compensation for lost benefits, in an amount to be proven at trial, and other affirmative relief necessary to eradicate the effects of the unlawful employment practices, plus interest;

d.      That Plaintiff be awarded compensatory damages to compensate for pain, suffering, emotional distress and humiliation Plaintiff has suffered as a result of Defendant's outrageous conduct;

e.      That Plaintiff be awarded nominal damages;

f.      That Plaintiff be awarded the costs of this litigation, and reasonable attorney's fees; and

g.      That Plaintiff be awarded such further relief as this Court deems to be just and proper.

## V. DEFAMATION –GREG ANDERSON, ALICIA TOY, MEGAN HERMAN – CHEVALIER, CRYSTAL SAVAGE-KURTYKA, ABBEY MILLER, TINA CORREA, JULIE REIG, RENEE STEFANCIK, GEORGE EICHER

49.     Plaintiff incorporates by reference the allegations in paragraphs 1 through 48 as if fully restated herein.

50.     On various occasions from approximately November 11, 2006 to the present, with absolutely no reasonable belief, knowledge, merit, or privilege, Defendants, with malice, published false factual accusations throughout Ridgeview Academy Charter School, Inc., Board of Directors of Ridgeview Academy Charter School, Adelphoi USA, Board of Directors of Adelphoi USA, and the community, stating publicly that Plaintiff, a married woman, was having a sexual affair and using the employers vehicle to meet an alleged unnamed boyfriend at an unknown time, place and date, that she was rude, swore in front of children and that she was a bad supervisor and they demeaned her in the profession she had devoted her life, educational accomplishments and her professional career. She was accused of the unwanted sex talk that George Eicher, Crystal Savage-Kurtyka and Abbey Miller engaged in during lunches they had together when George visited their facility.

51.     These false accusations were discussed and republished by Ridgeview Academy Charter School, Inc., Board of Directors of Ridgeview Academy Charter School, Adelphoi USA, Board of Directors of Adelphoi USA, and the community when she was suspended then terminated which supported the false defamation against her. .

52.     These false accusations were discussed and republished by Defendants Ridgeview Academy Charter School, Inc., Board of Directors of Ridgeview Academy Charter School,

23

Adelphoi USA, Board of Directors of Adelphoi USA, when they refused to give her an audience with the Board of Directors as she requested after her termination.

53.     The false accusations of a sexual affair, rude behaviors, swearing in front of the children and professional incompetence were clear and unequivocal that recipients of the defamatory statements clearly understood that Plaintiff was being accused of these things.  Her suspension and termination falsely confirmed the defamation and slander.

54.     Defendants abused any conditional privilege they might have had by unnecessarily republishing this recklessly or intentionally false information broadly and publicly.

55.     The false accusations of a sexual affair, swearing in front of children, and being a bad supervisor made against Plaintiff constitute slander per quod such that damages are per se.

56.     These false accusations were republished by her suspension and termination and throughout the community to the present time making it appear that Plaintiff was indeed guilty and that the accusations were factually true.

57.     Defendant's actions directly and proximately caused the Plaintiff to suffer loss of her career, severe emotional distress, embarrassment, humiliation, and loss of reputation.

58.     The conduct of the Defendant was extreme and outrageous.

59.     The Defendant intentionally, maliciously, recklessly and/or negligently inflicted harm on the Plaintiff.

WHEREFORE, Plaintiff demands the following relief:

a.     That the Defendant be permanently enjoined from such defamation;

b.     That a declaratory judgment is made that such defamation is unlawful;

c.     That Plaintiff be awarded actual and consequential damages to make Plaintiff whole including back pay with prejudgment interest, front pay and compensation for

24

lost benefits, in an amount to be proven at trial, and other affirmative relief necessary to eradicate the effects of the unlawful employment practices, plus interest;

        d.      That Plaintiff be awarded compensatory damages to compensate for pain, suffering, emotional distress and humiliation Plaintiff has suffered as a result of Defendant's outrageous conduct;

        e.      That Plaintiff be awarded punitive damages in an amount sufficient to punish Defendant and to deter similar misconduct;

        f.      That Plaintiff be awarded nominal damages;

        g.      That Plaintiff be awarded against Defendant the costs of this litigation and a reasonable attorney's fee; and

        h.      That Plaintiff be awarded such further relief as this Court deems to be just and proper.

**Plaintiff Demands A Jury Trial.**

                                      Respectfully Submitted,
                                      LAW OFFICES OF LOIS GLANBY

                                      /s/ LOIS GLANBY
                                      Lois Glanby, Esquire
                                      PA I.D. No. 80784
                                      152 E. Highland Dr.
                                      McMurray, PA 15317
                                      (724) 942-0524
                                      Counsel for Plaintiff